UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                    Plaintiff

v.                                        Criminal Action No. 3:10-cr-0075-RGJ

KEITH DOUGLAS PHILLIPS                                           Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant Keith Douglas Phillips ("Defendant") moves "to Compel Administration of Prescribed Medication and Proper Medical Care or Release on Compassionate Release." [DE 471]. Additionally, Defendant asks the Court to appoint him counsel, [DE 472], and moves to supplement his motion. [DE 473; DE 476; DE 477]. The United States responded to Defendant's motion. [DE 475]. The matter is ripe for resolution on the merits. For the reasons below, Defendant's motion for compassionate release [DE 471] is **DENIED**, Defendant's motion to Appoint Counsel is **DENIED** [DE 472], and Defendant's motion to supplement [DE 473] is **GRANTED**.

## I.      BACKGROUND

A full recitation of the facts and procedural background of this case can be found in the Court's June 3, 2021 Order [DE 465] and is incorporated by reference. A condensed version is as follows:

On July 8, 2010, a grand jury charged Defendant with an eight-count indictment, with charges related to serious wire fraud, aggravated identify theft charges, and conspiracy to possess with intent to distribute oxycontin and hydrocodone. [DE 9]. On February 6, 2012, Defendant pleaded guilty to Counts 1-8 of the Indictment under a Federal Rule of Criminal Procedure

1

11(a)(1)(C) plea agreement.  [DE 196].  On June 5, 2012, Judge McKinley sentenced Defendant to a total term of 78 months imprisonment.  [DE 240].

Defendant was released from the Bureau of Prisons ("BOP") to Dismas Charities Halfway House ("Dismas") for a time before his violations of Dismas' policies resulted in his reincarceration.  [DE 471 at 1909; DE 473 at 1928; DE 475 at 1937; DE 475-1; DE 475-2].  In his motion, Defendant stated that, at the time of writing, he was housed in the Grayson County Detention Center ("Grayson").  [DE 471 at 1909].  Defendant is currently located at Nashville RRM with a projected release date of June 7, 2023.  *See* Bureau of Prisons Inmate Locator website, https://www.bop.gov/inmateloc/ (last visited March 31, 2023).

Defendant first moved for compassionate release in April 2020, asserting that several health issues put him at a higher risk of severe illness if he contracts COVID-19.  [DE 416].  Judge McKinley denied Defendant's initial motion for compassionate release for failure to exhaust his administrative rights.  [DE 417].  Defendant moved again for compassionate release [DE 418], and his case was transferred to Judge Walker.  Defendant also moved for appointment of counsel and for expedited review.  [DE 443; DE 446].  Judge Walker reviewed Defendant's motions on the merits and denied them.  [DE 448].  This case was transferred to this Court, and Defendant moved for reconsideration of Judge Walker's denial.  [DE 454; DE 455].  The Court denied his motion for reconsideration.  [DE 465].  Defendant moved again for reconsideration, and the Court again denied his motion.  [DE 466; DE 469].

Defendant has now filed an "expedited motion to compel administration of prescribed medication and proper medical care or release on compassionate release."  [DE 471].  He also moves for appointment of counsel [DE 472] and to supplement his motion.  [DE 473; DE 476; DE 477].  The United States responded.  [DE 475].

2

Defendant's prior motions for compassionate release focused on COVID-19 and his health issues putting him at a high risk of severe illness if he contracted COVID-19. [*See* DE 416; DE 418; DE 448; DE 466]. While the arguments in his instant motion are closely related to his previous motions, the instant motion focuses on denial of medical care. [DE 471]. Defendant asks the Court to grant a reduction of sentence, compassionate release to time served, order the BOP dispense his prescribed medications, or order the BOP transfer him to a facility where he can receive "proper medical care." [*Id.* at 1908-12]. The Court thus concludes that Defendant has raised new grounds and proceeds to analyze this as a new motion for compassionate release rather than a motion for reconsideration of Defendant's past motions. *See United States v. Rice*, No. CR 7:15-019-DCR, 2021 WL 141690, at *1 n. 1 (E.D. Ky. Jan. 14, 2021).

## II.    ANALYSIS

### A.  Exhaustion of Administrative Remedies.

Before the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

In *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Sixth Circuit determined that the occurrence of one of the two events noted in the statute is a "mandatory condition" to granting relief. If the government "properly invoke[s]" the condition and does not waive its

requirement, the court must enforce it. *Id.* at 834. Further, the Sixth Circuit ruled that this court cannot find exceptions to the mandatory condition. *Id.* ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

"District courts across the country have grappled with the language of the First Step Act to determine precisely what a prisoner must do before he can successfully bring his own motion for compassionate release in federal court." *United States v. Littles,* No. 7:12-CR-9-KKC, 2020 WL 4282219, *2 (E.D. Ky July 27, 2020). If the warden fails to act on the defendant's request for a compassionate-release motion the law is clear that the defendant can bring his own motion in federal court after waiting 30 days from the date the warden received his request. It remains less clear when a warden denies a defendant's request to file a motion for compassionate release about whether a defendant must exhaust the administrative appeal process until a final decision is rendered. *Id.*

Courts have come to different decisions on these issues. *Id; see, e.g.*, *United States v. Blankenship*, No. CR 7:19-10-KKC, 2020 WL 6111959, at *1 (E.D. Ky. Oct. 16, 2020); *United States v. Smith*, 460 F. Supp. 3d 783, 797 (E.D. Ark. 2020); *United States v. Haney*, 454 F. Supp. 3d 316, 322 (S.D.N.Y. 2020). In *Alam*, however, the Sixth Circuit construes the statute as giving defendants two alternate pathways to federal court.

Under the first pathway, "prisoners who seek compassionate release have the *option* to take their claim to federal court within 30 days, no matter the appeals available to them." *Alam*, 960 F.3d at 834 (emphasis added); *see also United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). The Sixth Circuit states that the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[ ] all administrative rights' *or else* they must wait

4

for 30 days after the warden's 'receipt of [their] request.'" *Alam*, 960 F.3d at 833 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Under the second pathway, "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[ ] all administrative rights to appeal' with the prison *or* wait 30 days after his first request to the prison." *Alam*, 960 F.3d at 833–34 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit clarified that, for those prisoners who choose to "pursue administrative review," they need not complete it before coming to federal court. *Id.* at 836. "[P]risoners have the option to go to federal court" if they pursue administrative review and it "comes up short (*or if 30 days pass*)." *Id.* (emphasis added).

It is unclear whether Defendant exhausted his administrative remedies. [*See* DE 471; DE 475 at 1940; *see also* DE 476]. However, in its response, United States waives the exhaustion requirement because case law supports that when a Defendant is housed in a non-BOP facility, a defendant need not exhaust administrative remedies, and Defendant is currently housed in a non-BOP facility. [DE 475 at 1940]. As a result, the Court considers Defendant's motion on the merits. *See United States v. Manzano*, 505 F. Supp. 3d 739, 743 (E.D. Mich. 2020) (proceeding to consider the merits where the United States failed to object and waived exhaustion requirement).

**B. Sixth Circuit *Jones* Analysis.**

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison."  *Ruffin*, 978 F.3d at 1003.

"Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory."  *Jones*, 2020 WL 6817488, at *5, 2020 U.S. App. LEXIS 36620 (6th Cir. Nov. 20, 2020).  That said, district courts must "supply specific factual reasons for their compassionate release decisions."  *Jones*, 2020 WL 6817488, at *1.

As recently set forth by the Sixth Circuit, the decision regarding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step analysis.  *United States v. Jones*, 2020 WL 6817488; *see also* 18 U.S.C. § 3582(c)(1)(A)(i); *Ruffin*, 978 F.3d at 1004.  First, a court must find whether extraordinary and compelling reasons warrant a sentence reduction or whether the defendant fulfills the requirements of §3582(c)(1)(A)(ii).  *Jones*, 2020 WL 6817488, at *6, n. 12.  Second, a court must find whether a reduction is consistent with applicable Sentencing Commission policy statements.  *Id.*  Third, a court must consider any applicable Section 3553(a) factors.  Based on this inquiry the Court determines whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case.  *Id.*

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'"  *Ruffin*, 978 F.3d at 1004.  "In 28 U.S.C. § 994(t), Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for

sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 2020 WL 6817488, at *7 (alterations adopted) (internal quotation marks omitted).  Section 1B1.13 of the United States Sentencing Commission Guidelines Manual contains the Sentencing Commission's policy statement on compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *Id*. at *6-7; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)").  However, this section has not been updated since passage of the First Step Act in December 2018.  *Jones*, 2020 WL 6817488, at *7.  As a result, the Sixth Circuit held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at *7-9.

The Sixth Circuit also held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* at *7.  Thus, U.S.S.G. § 1B1.13 currently is not an "applicable policy statement[ ] issued by the Sentencing Commission" in such cases.  18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *1, 7.  So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act.  *Jones*, 2020 WL 6817488, at *9.

As to consideration of the § 3553(a) factors, the Court must "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005; *Jones*, 2020 WL 6817488, at *11.

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 2020 WL 6817488, at *12; *Ruffin*, 978 F.3d at 1008-09); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582.  *See United States v. Karr*, No. 6:17-CR-25-REW, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

### *1.  Request for Medical Care at Grayson*

The Court first addresses Defendant's request that the Court to "Compel the Grayson County Detention Center, [sic] to administer all medication…." [DE 471 at 1908; DE 473].  When Defendant filed this motion, he was housed at Grayson.  [DE 471 at 1908; DE 475 at 1937].  The United States argues that Grayson does not permit controlled substances, the BOP "is currently investigating transferring Phillips to another facility that allows controlled substances," and that Defendant has not requested alternative non-controlled medications.  [DE 475 at 1937-38].  The United States also argues that Defendant has produced no evidence his health is impacted by the

failure to receive medication and that there is evidence Defendant may have been selling his medications.  [*Id.* at 1940-41].

Defendant has been transferred to Nashville RRM since filing his motion.  *See* Bureau of Prisons Inmate Locator website, https://www.bop.gov/inmateloc/ (last visited March 31, 2023). Defendant makes several facility specific arguments, including his request to be transferred from Grayson, his argument that Grayson is not equipped to care for his medical needs, and his overcrowding complaint.  [DE 471 at 1908-12; DE 473].

First, the Court lacks the authority to direct Defendant's transfer.  *See United States v. Schubert*, No. 1:14-CR-00122, 2020 WL 5044029, at *1 (N.D. Ohio Aug. 26, 2020) (collecting cases).  Similarly, an inadequate medical care argument implicates the Eight Amendment, and such constitutional claims are most appropriately addressed in a separate lawsuit rather than compassionate release proceedings.  *See United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *5 (6th Cir. Apr. 14, 2022) ("The district court also reiterated that [defendant's] need for medical care would be better addressed in an Eighth Amendment-based claim under 42 U.S.C § 1983.[] We have affirmed district courts that employed similar reasoning.").

Additionally, since Defendant has been transferred to Nashville RRM, Defendant has not complained about, and the parties have not briefed the Court on, Defendant's current residential circumstances.  *See United States v. Pickett*, No. 15-20674, 2021 WL 1978548, at *1 (E.D. Mich. May 17, 2021) ("If [defendant] wants to renew his motion based on his current housing situation, he will have to make a fresh request").  Because Defendant is no longer housed at Grayson, the Court considers such facility specific arguments moot and does not further consider them.

### 2. *Medical Condition of Defendant As An Extraordinary And Compelling Justification For Compassionate Release.*

Defendant requests compassionate release asserting that his health issues are not properly cared for as related to his "cardiac, respiratory, neurology, renal, and pain management problems." [DE 471 at 1908]. Defendant states that he has been admitted to the hospital three times in the last ninety days with "cardiac, respiratory, renal, [and] neurology problems" and that his cardiologist can no longer monitor his heart, specifically his recently implanted "loop monitor," since he was placed in jail. [*Id.* at 1909-11]. He argues that he has not received his medications or outside medical care. [*Id.*].

The Court notes that in addressing Defendant's COVID-19 arguments, Judge Walker previously addressed Defendant's medical conditions and found that he is receiving appropriate medical care and treatment. [DE 448 at 1772-73]. There is no indication that Defendant has had a difficult time receiving appropriate treatment for his chronic conditions, or that his conditions are not being managed by staff at Nashville RRM. *United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) (compassionate release denied: "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

Furthermore, the briefing of both parties focuses on the conditions at Grayson, and Defendant's briefing discusses his confusion and discontent with being removed from Dismas halfway house, and that his desired medical care was available at the halfway house. [DE 471 at 1909, DE 473; DE 476]. Having been again released to a halfway house at Nashville RRM, Defendant has likely secured the relief he seeks. *See United States v. Pickett*, No. 15-20674, 2021 WL 1978548, at *3 (E.D. Mich. May 17, 2021) (where the Court was unsure of defendant's location after briefing, denying compassionate release and noting "[i]f the defendant already has been or soon will be released to home confinement, then he has received the relief sought and his

10

motions are moot . . . If he is or will be placed in a halfway house, then he has not presented any information to inform an evaluation of his medical risk in that custodial setting.").

Using the Sixth Circuit's standard of full discretion as explained in *Jones*, the Court finds, as Judge Walker previously found, that Defendant has not shown extraordinary or compelling reasons to alter his sentence. *Jones*, 2020 WL 6817488, at \*7-9

### 3. Sentencing Objectives In 18 U.S.C. § 3553(a).

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at \*11. A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at \*11–12.

Judge Walker previously considered these factors in denying Defendant's motion on the merits and the Court agrees the § 3553(a) factors counsel against compassionate release. Defendant's crimes involved serious wire fraud and aggravated identify theft charges and conspiracy to possess with intent to distribute oxycontin and hydrocodone. [DE 240]. Defendant has a long criminal history that includes a number of serious crimes. [DE 245 at 16-35]. Moreover, he committed the instant offences while in custody on other charges, adding points to his criminal history score and ultimately placing him at a criminal history category of VI at the time of sentencing. [*Id.* at 35].

Prior criminal justice sentences of shorter lengths have not deterred Defendant from continued criminal activity. Defendant argues he has served all but 4 months of a 251 total sentence. [DE 471 at 1911]. The record indicates that the sentencing court reviewed the 18 U.S.C.

3553(a) factors. [DE 240]. A sentence reduction at this time would certainly create a grave disparity in sentences and not achieve the deterrence objectives of 18 U.S.C. §3553(a). After reviewing the Presentence Investigation Report ("PSR") [DE 245], statement of reasons and judgment [DE 240], the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court also acknowledges Defendant's release plans for housing and employment. [DE 471 at 1911; DE 477]. Still, the Court's analysis on these factors remains unchanged from that at sentencing, Judge Walker's previous order denying Defendant's motion, and this Court's prior reconsideration orders. This Court concludes that Defendant's crime, as well as his criminal history and repeated convictions for the same or similar offence, are of serious concern to the community. The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

### C.  Appointment of Counsel

Defendant again requests appointment of counsel. [DE 472]. There is no entitlement to appointment of counsel post-trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c). *See United States v. Prater*, No. CR 7:15-11-DCR-3, 2020 WL 2616120 (E.D. Ky. May 22, 2020). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion on whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

12

Upon review, the Court finds that the issues involved in seeking compassionate release are not complex or beyond the capability of an ordinary *pro se* litigant and that Defendant's filing reflects his ability to present his claims to this Court. The motion for appointment of counsel will therefore be denied. *United States v. Schliebener*, No. 3:16-CR-134-CRS, 2020 WL 3862246, at *4 (W.D. Ky. July 8, 2020).

### III.   CONCLUSION

As this is the Court's fifth consideration of compassionate release, Defendant is warned, as before, that he should not refile unless there is a specific change in the law or substantial reason for reconsideration. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 9, 2019).

Because Defendant has failed to satisfy his burden of his motion for compassionate release for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's motion for compassionate release [DE 471] is **DENIED**, Defendant's motion to Appoint Counsel is **DENIED** [DE 472], and Defendant's motion to supplement [DE 473] is **GRANTED**.

Copies to:      Counsel of Record
                Defendant, *pro se*

13